THE HONORABLE, THE SENATE Legislature
By Senate Resolution 24 you have requested my opinion on the constitutionality of 1973 Senate Bill 36.
That bill would impose an annual ten dollar per acre tax on commercially feasible low-grade iron ore reserve deposits in this state unless the owner of the deposits mined at least fifty thousand tons of crude ore during the previous calendar year. Failure to pay or late payment would result in penalty and interest under sec. 70.96 (1), Stats., and if the tax remains unpaid for three years, the ore deposit rights automatically revert to the surface owner, or if the surface owner owns the deposits, the Department of Revenue must initiate tax sales proceedings. A landowner may be relieved of tax liability by granting a ten-year option for the purchase of mineral rights to the state. *Page 4 
An opinion with respect to a prior proposal relative to taxing mineral rights was requested of this office in 1965. That opinion indicated that that proposed legislation, 1965 Senate Bill 334, was unconstitutional. 54 OAG 144. Although 1973 Senate Bill 36 is substantially different from that prior proposal, it appears to me that some of the same constitutional infirmities which were noted by my predecessor in 1965 Senate Bill 334 are also to be found in 1973 Senate Bill 36. While the matter is not entirely free from doubt, it is my opinion that 1973 Senate Bill 36 violates the uniformity of taxation provisions of Art. VIII, sec. I, Wis. Const.
Article VIII, sec. I, Wis. Const., provides, so far as relevant to this opinion:
 "The rule of taxation shall be uniform . . . Taxes shall be levied upon such property with such classifications as to forests and minerals including or separate or severed from the land, as the legislature shall prescribe . . . ."
The first question that must be answered when considering whether or not the legislative imposition of a particular tax would violate the uniformity of taxation provisions of Art. VIII, sec. 1, is whether or not the tax in question is a property tax or an excise tax. If the tax in question is an excise tax, it would not be subject to those constitutional provisions since they apply only to direct taxes on property. Chicago N.W.R. Co.v. The State (1906), 128 Wis. 553, 108 N.W. 557.
The bill under consideration designates the tax imposed by the bill as an "excise tax." However, that designation is not conclusive. As the Supreme Court of Wisconsin has stated:
 "The legislature cannot by its mere designation change the nature of the tax. Whatever the designation in the act may be, it is for the court to determine the nature and effect of the tax and uphold it or void it according as its nature and effect as determined may require." State ex rel. Froedtert G. M. Co. v. Tax Comm. (1936), 221 Wis. 225, 233, 265 N.W. 672.
Therefore, we must look beyond the designation made by the bill itself in order to determine whether the tax in question is a property tax or an excise tax. *Page 5 
While it is often difficult to distinguish between an excise tax and a tax on property, 51 Am. Jur., Taxation, secs. 30, 34, the Supreme Court of Wisconsin has laid down guidelines for making such a determination. In Chicago N.W.R. Co. v. TheState, supra, it defined property taxes as follows:
 ". . . the term `taxes on property,' as used in the organic law, means taxes on things tangible or intangible, as distinguished from taxation on the right to use or transfer things, or on the proceeds of business in which the use of things is essentially and that is because such meaning is the common, ordinary meaning and so the one which, nothing appearing to the contrary, it must be presumed was intended in framing the constitutional provision." 128 Wis. at 591.
The definition of an excise tax was set forth in State ex rel.Froedtert G. M. Co. v. Tax Commission, supra. There it was said that excise taxes are taxes "laid upon the manufacture, sale, or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges."221 Wis. at 232.
Under those definitions, the tax in question appears to be a tax on property, not an excise tax. The bill provides for a "tax of $10 per acre on all known commercially feasible low-grade iron ore reserve deposits located within the state." That tax is a tax on tangible things. It clearly is not a tax on the manufacture, sale, or consumption of commodities or on licenses to pursue certain occupations, or on corporate privileges. Therefore, I must conclude that the tax imposed by the proposed legislation under consideration is a property tax.
Having concluded that the tax in question is a property tax and thus subject to the uniformity of taxation provisions of Art.VIII, sec. 1, Wis. Const., I believe that the bill under consideration may violate those provisions in two ways.
First, while Art. VIII, sec. 1, authorizes the legislature to make classifications as to forest and mineral-bearing land for tax purposes, I have some doubt as to whether that constitutional provision was meant to authorize the subclassification of mineral-bearing lands that is attempted in the bill under consideration. *Page 6 
The bill makes several subclassifications of land bearing low-grade iron ore. First, the bill differentiates between "commercially feasible" low-grade iron ore deposits and low-grade iron ore deposits which do not fall into that classification. The tax is only imposed on the former.
The bill further establishes a sub-subclassification which stretches the constitutional concept of "classifications as to . . . minerals" even further. The bill excepts from taxation that class of commercially feasible low-grade iron ore reserve deposits "owned by or leased to a person or corporation, including a wholly owned subsidiary, who extracted 50,000 or more tons of crude ore in the state during the previous calendar year." This classification goes beyond a classification based on the nature or character of the mineral or the land and looks instead to the nature or character of the owner or lessor of the property. My predecessor's comments with respect to 1965 Senate Bill 334 are equally applicable to the present legislation:
 "Certainly the amendment to Art. VIII, sec. 1, empowers the legislature to make classification as to forests and minerals for tax purposes. The classification made by this bill, however, is not of forests or minerals but of the nature of the title thereto." 54 OAG 144, at 147.
There is a real question as to whether or not the provision in Art. VIII, sec. 1, Wis. Const., permitting separate classifications of minerals and mineral-bearing lands for tax purposes was meant to allow classifications based on the character of the owners of the minerals or mineral-bearing lands rather than on the character of the minerals or mineral-bearing land itself.
The subclassifications set forth in the bill under consideration seem to be stretching the exception provided for classifications of forests and minerals in Art. VIII, sec. 1, Wis. Const., beyond its intended limits. If so, then the bill under consideration would violate Art. VIII, sec. 1, Wis. Const., since any classifications of property for tax purposes not specifically sanctioned by Art. VIII, sec. 1, Wis. Const., would violate the uniformity of taxation requirements of that constitutional provision. See Gottlieb v. Milwaukee (1967),33 Wis.2d 408, 147 N.W.2d 633. However, it is possible that the subclassifications provided by the bill may withstand judicial scrutiny as to their constitutionality in view of the presumption of *Page 7 
constitutionality accorded to statutes, especially tax measures. See Simanco, Inc. v. Department of Revenue (1973), 57 Wis.2d 47,203 N.W.2d 648.
The second way in which I believe that the bill under consideration may violate the provisions of Art. VIII, sec. 1, Wis. Const., is that it imposes a tax which is not uniform.
Article VIII, sec. 1, Wis. Const., provides that "the rule of taxation shall be uniform." It further provides that the legislature may prescribe classifications as to forests and minerals. While the Supreme Court of this state has never had occasion to pass on the question, it is my opinion that the requirement of uniformity of taxation still applies within the permitted classifications. If so, then the bill under consideration violates that requirement.
Uniformity of taxation under Art. VIII, sec. 1, Wis. Const., requires that there be substantial uniformity of rate based on value. Beals v. State (1909), 139 Wis. 544, 557, 121 N.W. 347. The Supreme Court of Wisconsin has struck down as unconstitutional property taxes which fail to comply with that requirement. In Plymouth v. Elsner (1965), 28 Wis.2d 102,135 N.W.2d 799, the Supreme Court was confronted with a flat tax imposed without regard to value. The municipal ordinance involved in that case imposed a tax of $.50 per month on all residential properties having electrical service meters. The court indicated that the uniformity clause contained in Art. VIII, sec. 1, Wis. Const., required practical equality of taxation based on value. The court concluded that the tax under consideration in that case violated the constitutional requirement of uniformity because all residential properties having electrical service meters were taxed $.50 per month regardless of value.
The tax imposed under 1973 Senate Bill 36 is $10 per acre. It is similar to that imposed in the Elsner case in that it fails to take into account the value of the taxed property. Thus, the tax under consideration clearly fails to comply with the requirements of uniformity of taxation.
Therefore, if the tax imposed by 1973 Senate Bill 36 is held to be a tax on property as it clearly appears to be, and if my opinion that the rule of uniformity of taxation still applies within the classifications *Page 8 
prescribed by the legislature as to forests and minerals is correct, then the proposed legislation if enacted into law would be declared unconstitutional since it would violate the uniformity of taxation provision of Art. VIII, sec. 1, Wis. Const.
RWW:DJB