INTERNATIONAL HARVESTER COMPANY, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.*

*March 10—June 16, 1943.*

---

* Motion for rehearing denied, with $25 costs, on September 14, 1943.

For the appellant there were briefs by *Edward R. Lewis* of Chicago, Illinois, and *Stroud, Stebbins & Wingert* of Madison, and oral argument by *Mr. Lewis* and *Mr. R. M. Stroud*.

For the respondent there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons, Mr. J. Ward Rector,* deputy attorney general, and *Mr. Richard R. Teschner* of Madison.

WICKHEM, J.  Appellant is a New Jersey corporation, having its principal office in Hoboken, New Jersey.  Its general executive offices are in Chicago.  So far as the record discloses, it has done business in Wisconsin since 1920.  The Wisconsin dividend privilege tax law was enacted and went into effect on September 26, 1935.  From December 2, 1935, to Ocober 15, 1937, appellant paid numerous dividends totaling $39,028,188.22, but did not pay any privilege dividend tax thereon.  As of the end of the year 1934, the amount of surplus accumulated from Wisconsin earnings and constituting Wisconsin surplus on the basis of the formulae and method of computation prescribed by ch. 71, Stats., was $803,780.72.  The amount attributable to Wisconsin as of December 31, 1935, was $2,227,499.03.  The Wisconsin surplus as of October 31, 1936, was $2,608,908.26.  On December 2, 1937, the Wisconsin Tax Commission, predecessor of Wisconsin Department of Taxation, notified appellant of an assessment of privilege dividend tax against it in the amount of $68,838.49,

exclusive of penalties and interest, computation being based upon the statutory presumption that such dividends were paid out of previous years' earnings. Subsequently thereto, and because of the conceded rebuttal of the presumption, respondent recomputed the privilege dividend tax at $53,713.29, exclusive of penalties and interest. There is a stipulation to the effect that, assuming the law to be valid and the method of computation authorized, the amount of the privilege tax as computed is correct. The contentions made by appellant all present matters of constitutional law and statutory construction. It is contended that the privilege dividend tax contravenes the due-process provision of the Wisconsin constitution and of the federal constitution; that the computation adopted by the Wisconsin Department of Taxation is not authorized by the Wisconsin dividend privilege tax law, but on the contrary, that the dividend tax law prescribes a wholly different formula; that this was not followed by the Tax Department; that Wisconsin may not tax the privilege of declaring and receiving dividends derived from earnings accumulated prior to the date when the Wisconsin dividend tax took effect.

This case is another chapter in a long history of litigation concerning the dividend tax law during which this court has passed upon the constitutionality of the law and its proper construction three times, and the United States supreme court has considered these matters once. *State ex rel. Froedtert G. & M. Co. v. Tax Comm.* 221 Wis. 225, 265 N. W. 672, 267 N. W. 52; *J. C. Penney Co. v. Tax Comm.* 233 Wis. 286, 289 N. W. 677; *Wisconsin v. J. C. Penney Co.* 311 U. S. 435, 61 Sup. Ct. 246, 85 L. Ed. 267; *Wisconsin v. Minnesota Mining & Mfg. Co.* 311 U. S. 452, 61 Sup. Ct. 253, 85 L. Ed. 274; *J. C. Penney Co. v. Tax Comm.* 238 Wis. 69, 298 N. W. 186 (upon remand).

The controversy has developed into a battle of words and labels and it may be of service to review the litigation and ascertain just what has been authoritatively determined. On

September 26, 1935, the privilege dividend tax[1] went into effect and for purposes of reference so much of it as is material here is set forth in the notes. The constitutionality and construction of this law was put in issue in *State ex rel. Froedtert G. & M. Co. v. Tax Comm., supra,* and this court there held that it levied a tax upon the privilege of transferring from the corporation to the stockholders corporate net income derived from corporate business transacted, or property located in Wisconsin. That case involved a Wisconsin corporation, but upon rehearing, it was stated without elaborate discussion that the tax was constitutional as applied to the dividends of foreign corporations. The matter again came before this court in *J. C. Penney Co. v. Tax Comm.* 233 Wis. 286, 289 N. W. 677, and it was there held that in its application to a foreign corporation doing business in Wisconsin and deriving

---

[1] SECTION 3. *Privilege dividend tax.* (1) For the privilege of declaring and receiving dividends, out of income derived from property located and business transacted in this state, there is hereby imposed a tax equal to 3 per cent of the amount of such dividends declared and paid by all corporations (foreign and local), except those specified in paragraphs (d) and (g) of subsection (1) of section 71.05 of the statutes, after the passage and publication of this act and prior to July 1, 1943. Such tax shall be deducted and withheld from such dividends payable to residents and nonresidents by the payor corporation.

(2) Every corporation required to deduct and withhold any tax under this section shall, on or before the last day of the month following the payment of the dividend, make return thereof and pay the tax to the tax commission, reporting such tax on the forms to be prescribed by the tax commission.

(3) Every such corporation hereby made liable for such tax, shall deduct the amount of such tax from the dividends so declared.

(4) In the case of corporations doing business within and without the state of Wisconsin, such tax shall apply only to dividends declared and paid out of income derived from business transacted and property located within the state of Wisconsin. The amount of income attributable to this state shall be computed in accordance with the provisions of chapter 71. In the absence of proof to the contrary, such dividends shall be presumed to have been paid out of earnings of such corporation attributable to Wisconsin under the provisions of chapter 71, for the year immediately preceding the payment of such dividend. If a corporation had a loss for the year prior to the payment of the dividend, the tax commission shall upon application, determine the portion of such dividend paid out of corporate surplus and undivided profits derived from business transacted and property located within the state.

a portion of its surplus from net earnings in Wisconsin, the law was an unconstitutional attempt by Wisconsin to tax a privilege which it neither gave nor protected, and that Wisconsin was consequently without jurisdiction to levy the tax. This court relied principally on the case of *Connecticut General Life Ins. Co. v. Johnson,* 303 U. S. 77, 58 Sup. Ct. 436, 82 L. Ed. 673, where upon facts that appeared to us to be quite indistinguishable the supreme court of the United States had held California to be without jurisdiction to levy a privilege tax, and in doing so, had said (p. 80) :

"But the limits of the state's legislative jurisdiction to tax, prescribed by the Fourteenth amendment, are to be ascertained by reference to the incidence of the tax upon its objects rather than the ultimate thrust of the economic benefits and burdens of transactions within the state."

Upon appeal to the United States supreme court, judgment in the *Penney Case, supra,* was reversed by a divided court. It was held that the practical operation of the legislation is to impose an additional tax upon corporate earnings within Wisconsin, but to postpone the liability for this tax until such earnings are paid out in dividends.

"In a word, by its general income tax Wisconsin taxes corporate income that is taken in; by the privilege dividend tax of 1935. Wisconsin superimposed upon this income tax a tax on corporate income that is paid out." *Wisconsin v. J. C. Penney Co.* 311 U. S. 435, 442, 61 Sup. Ct. 246, 85 L. Ed. 267.

After noting that the act specifically levies the tax upon the privilege of declaring and receiving dividends, that the taxpayer is a Delaware corporation with its principal offices and meeting place in New York, and that this court has held the tax to be one upon a transaction wholly beyond Wisconsin's borders or reach, the United States supreme court said (pp. 443, 444) :

"The case thus reduces itself to the inquiry whether Wisconsin has transgressed its taxing power because its supreme court has described the practical result of the exertion of that power by one legal formula rather than another—has labeled it a tax on the privilege of declaring dividends rather than a supplementary income tax.

"A tax is an exaction. Ascertainment of the scope of the exaction—what is included in it—is for the state court. But the descriptive pigeonhole into which a state court puts a tax is of no moment in determining the constitutional significance of the exaction. . . ."

". . . For constitutional purposes the decisive issue turns on the operating incidence of a challenged tax. A state is free to pursue its own fiscal policies, unembarrassed by the constitution, if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly, civilized society.

"Constitutional provisions are often so glossed over with commentary that imperceptibly we tend to construe the commentary rather than the text. We cannot, however, be too often reminded that the limits on the otherwise autonomous powers of the states are those in the constitution and not verbal weapons imported into it. 'Taxable event,' 'jurisdiction to tax,' 'business situs,' 'extraterritoriality,' are all compendious ways of implying the impotence of state power because state power has nothing on which to operate. These tags are not instruments of adjudication but statements of result in applying the sole constitutional test for a case like the present one. That test is whether property was taken without due process of law, or, if paraphrase we must, whether the taxing power exerted by the state bears fiscal relation to protection, opportunities and benefits given by the state."

Upon remand to determine such questions as were left open by the opinion of the United States supreme court, this court in *J. C. Penney Co. v. Tax Comm.* 238 Wis. 69, 298 N. W. 186, (1) insisted upon its exclusive power to construe the law; (2) held the law to be a privilege tax and not an income tax; (3) held that the determination of the United States supreme court settled all questions as to the jurisdiction of

Wisconsin to levy the tax, whatever it be called; and (4) made certain directions as to its computation. The latter point need not be elaborated in this portion of the opinion. From the briefs in this case, and the memorandum of the trial court, it appears to be concluded that we have here what the trial court designates an "immaculate dilemma;" that the supreme court of the United States has held this to be an income tax, and that as such it is invalid under the Wisconsin constitution; that the supreme court of Wisconsin, upon remand, has persisted in designating it a privilege tax in which case the privilege being wholly exercised outside of the state, it is unconstitutional under the federal constitution.

We see no such dilemma. As we read the opinion of the United States supreme court, we discover no attempt by the court to usurp the function of this court so far as construing or labeling this tax is concerned. What the United States supreme court has done is, (1) to state the factual basis upon which this law must be treated as constitutional in so far as the jurisdiction of Wisconsin to levy it is concerned, and (2) to hold that given the factual basis, the law is constitutional in this aspect, regardless of the designation given it by this court. In other words, the federal supreme court has established the jurisdictional fact which is that the corporation paid the dividends in whole or in part out of property located in this state or business transacted here. If the term "jurisdictional fact" must hereafter be relegated to the limbo of outmoded terms, the basis of Wisconsin's power to tax is the fact that it has given its protection and the benefits of government to corporate activities in Wisconsin and that profits from these activities are traceable to the fund from which dividends are paid. So far as the constitutional aspects of the cases are concerned, the federal supreme court has reduced the privilege features of the tax to mere conditions or contingencies, upon the happening of which the tax accrues.

This being true, we perceive no conflict so long as we are talking about the power of Wisconsin to tax as against the

contention that the subject of the tax is beyond her borders, and hence, beyond her jurisdiction. It makes no difference what this court calls the tax. It may, for other than constitutional reasons, be important to designate the tax a privilege tax, but the label has no bearing upon the controversy here. We adhere to our determination upon remand of the *Penney Case, supra,* that this is a privilege tax and that we are bound to accept the mandate of the United States supreme court that its constitutional justification from the standpoint of Wisconsin's power to tax is the fact of net earnings in Wisconsin traceable to the fund distributed by the dividend. Under the circumstances, we do not propose to re-examine contentions heretofore made and impliedly overruled that the law is void under the Wisconsin constitution. The constitutional question considered material and decided by this court in the original *Penney Case* involved the federal constitution and has been answered by the United States supreme court. We consider the matter to be closed.

The next question has to do with the application and computation of the tax, and in connection with this a constitutional question is raised having to do with its retrospective operation and not litigated or involved in the previous litigation. From even a casual reading of the privilege dividend tax, it is clear that the legislature meant to levy it upon the paying out and receiving of dividends out of net corporate earnings in Wisconsin, without regard to the year or years during which the earnings accrued. Sec. 3. of sec. 71.60, Stats., provides without qualification that the tax shall be levied for the privilege of declaring and receiving dividends out of income derived from property located and business transacted in this state. Sec. 3 (4) provides "in the case of corporations doing business within and without the state of Wisconsin, such tax shall apply only to dividends declared and paid out of income derived from business transacted and property located within the state of Wisconsin." (Income attributable to this state to be computed in accordance with the provisions of ch. 71, Stats.) :

· "In the absence of proof to the contrary, such dividends shall be presumed to have been paid out of earnings of such corporation attributable to Wisconsin under the provisions of chapter 71, for the year immediately preceding the payment of such dividend."

This merely creates a rebuttable presumption that all of the dividend was paid out of Wisconsin earnings for the year immediately preceding the payment of the dividend. It is finally provided that if the corporation had a loss for that year the commission, upon application, is to determine the portion of such dividend paid out of surplus and undivided profits derived from business transacted and property located within the state. There is no time limit anywhere unless the reference to the presumption be tortured into some sort of limitation of the tax to dividends paid out of the previous years' earnings and this would be a disingenuous construction. The section strongly suggests that the legislature had no misgivings as to its power to reach Wisconsin earnings without regard to the time of their accrual by a tax on the privilege of paying and receiving dividends effecting their distribution.

Upon the question whether, so far as it purports to reach Wisconsin earnings without reference to the year in which they were earned, the section is unconstitutionally retroactive in application, the court is equally divided.

Mr. Justice FOWLER, Mr. Justice FRITZ, and Mr. Justice FAIRCHILD are of the view, (1) that since this is a privilege tax on transactions by which dividends are declared and paid subsequent to the enactment of the statute, the tax is prospective and not retroactive in operation when it is imposed on only such of those transactions as occurred in the year in which it is imposed; (2) that the prospective character of the tax is not affected by the fact that in assessing the amount thereof,—which under the statute is to be limited to the extent that income earned in Wisconsin was used in paying the dividend in such year,—there was included undistributed income earned theretofore in Wisconsin; and (3) that these

conclusions are in accord with the decision of this court upon remand in the *Penney Case, supra.*

Mr. Chief Justice ROSENBERRY, Mr. Justice MARTIN, and the writer are of the view, (1) that since the United States supreme court has held that the label placed upon this law by the legislature or by this court is wholly ineffective to impair its constitutionality as against the contention that Wisconsin is without power to levy the tax, such label or designation or the selection by Wisconsin of the payment and receipt of the dividend as the occasion for the tax is equally ineffective to save it from objections to its retroactivity; (2) that the earnings of the corporation in Wisconsin upon which are grounded Wisconsin's power to levy the dividend tax must be within reach of a retroactive tax; (3) that the extent of permissible retroactivity should be determined upon the analogy of the income tax cases; (4) that retroactivity should only be permitted to "recent" transactions; (5) that consistently with these principles the tax may not be applied to earnings in Wisconsin which accrued prior to the last corporate fiscal year preceding the enactment of Wisconsin privilege dividend tax; (6) that by reason of the severability clause, the operation of the tax should be so limited; (7) that nothing in the decision upon remand requires a different conclusion.

The court being equally divided, this results under the rules of this court in an affirmance of the judgment upon this point.

The rest of this case we consider to have been authoritatively settled by the decision of this court in the *Penney Case, supra,* upon remand. The law requires that the commission assess the tax upon the presumption that the dividend was paid out of Wisconsin earnings for the year preceding the declaration of a dividend. Upon rebuttal of this presumption, a tax may be levied upon such portion of the dividend as is represented by Wisconsin earnings, these to be ascertained by application of the formula prescribed in ch. 71, Stats. The proportion between the sum so arrived at and the total

assets available for dividends establishes the percentage of the dividend attributable to Wisconsin earnings. In the *Penney Case* upon remand this court said (p. 78) :

"When the corporation declared its dividends in 1936 it drew upon its net assets in excess of its capital (surplus) as required by the law of Delaware. Its net profits for the year 1935 are to be found in its surplus at the end of the calendar year. When the company drew upon this surplus for the payment of the dividend declared, it did not draw upon 1935 income but on its entire surplus. It must be presumed, however, that when it drew upon the surplus which contained Wisconsin income, it drew upon Wisconsin income to the extent of the proportion which Wisconsin income bore not to the income for the year 1935 but to the whole amount of the surplus."

In making this statement it was not intended to create an artificial rebuttable presumption comparable to that created in sub. (4) of the Dividend Tax Act. What the court meant to hold and what we do hold is that in this situation there is a strong if not inevitable inference to the effect noted; in other words, that the conclusion not only can be arrived at by ordinary methods of reasoning without dependence upon a judicially created presumption, but that it cannot be avoided by any evidence that we have presently in mind.

It is contended that since the statute contains no specific formula for computing the tax, this court cannot supply one. We deem this contention unsound. If by any process reasonably calculated to accomplish the result, the amount of Wisconsin earnings involved in the declaration sought to be taxed may be ascertained the validity of the law is not impaired by the absence of detailed specifications concerning computation. The formula for ascertaining the amount of net earnings allocable to Wisconsin is set forth in ch. 71, Stats., and the validity of this formula is well established. There is a strong if not inevitable inference that these earnings became, (1) part of the general assets available for distribution as dividends; and (2) part of the dividend declared

in the proportion that they bear to the total assets available for dividends. We do not deem it necessary that there shall have been a formal transfer of earnings into a surplus account. While the statutes of New Jersey, and we suppose those of nearly every state, require that dividends be paid out of surplus, the sense in which "surplus" is used means excess of assets over liabilities, including capital. This concern of the law as laid down by decisions and prescribed by statutes is that dividends shall not be declared out of capital. If Wisconsin earnings have gone to swell the assets of the corporation in such a way as to create an excess of assets over liabilities, and to authorize a dividend, the Wisconsin earnings are proportionately a part of this excess, whatever it be called. The formula prescribed by this court upon remand in the *Penney Case, supra,* that is, that the Wisconsin earnings should constitute the numerator of a fraction of which the entire amount available for dividends is the denominator, is rational and workable and was applied in this case. While we recognize the force of objections that can be made to any determination reached in this matter, the foregoing conclusions are the only ones that will accommodate themselves to premises which we must accept.

*By the Court.*—Order and judgment are affirmed.

Barlow, J., took no part.

The following memorandum was filed September 14, 1943:

Wickhem, J. (*on motion for rehearing*). The court has thoroughly considered the motions for rehearing filed herein and is not disposed to modify its views or to restate or amplify its opinion in any respect but one. In discussing the permissible retroactivity of the privilege dividend tax and noting an equal division of the court upon that point, the opinion did not indicate whether the difference in view was based upon the constitution of the state of Wisconsin, the constitution of the United States of America, or both. It may be useful to state that the constitutionality of the law in this

respect was considered under both; and the court was of the view that the same considerations governed whichever constitution was applied.

*By the Court.*—Motion for rehearing is denied, with $25 costs.

---

\* Motion for rehearing denied, with $25 costs, on September 14, 1943.