DEPARTMENT OF TAXATION, Appellant, vs. NASH-
KELVINATOR CORPORATION, Respondent.

*February 24—June 10, 1947.*

534

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Miller, Mack & Fairchild, Frederic Sammond,* and *Theodore C. Bolliger,* all of Milwaukee, attorneys, and *Cook, Smith, Jacobs & Beake,* and *Richard E. Cross,* all of Detroit, Michigan, of counsel, and oral argument by *Mr. Sammond* and *Mr. Cross.*

FOWLER, J. This case involves additional dividend taxes imposed for the years 1941, 1942, and 1943, pursuant to a field audit. The taxpayer is a foreign corporation engaged in the manufacturing business and does business within and without the state. The tax is imposed only on such portion of the stockholders' dividend as results from business done and property located in Wisconsin. Sec. 71.61 (1), Stats. While the tax falls on the stockholder who receives the dividend the statute requires the corporation to withhold the amount of the tax from the stockholder and to pay the tax to the state. The tax is withheld and paid by the corporation in accordance with this provision. The provision was enacted September 26th, by ch. 552, Laws of 1935, and, at the time the tax in question was payable, provided as follows:

"For the privilege of declaring and receiving dividends, out of income derived from property located and business transacted in this state, there is hereby imposed a tax equal to three per cent of the amount of such dividends declared and paid by all corporations (foreign and local) . . . after September 26, 1935, and prior to July 1, 1945. Such tax shall be deducted and withheld from such dividends payable to residents and nonresidents by the payor corporation."

The contest in the case arises over the effect claimed by the department to be given to the presumption declared by sec. 71.61 (4), Stats., which reads:

". . . in the absence of proof to the contrary, such dividends shall be presumed to have been paid out of earnings of such corporation attributable to Wisconsin under the provisions of chapter 71, for the year immediately preceding the payment of such dividend. . . ."

The facts were stipulated and show that the taxpayer paid dividends for the years 1941, 1942, and 1943 and made returns on forms provided by the department and paid the taxes shown by the returns. During the first year of the period in question there were no Wisconsin earnings, but the earnings by the taxpayer outside of Wisconsin were sufficient to absorb the loss of the Wisconsin operations and leave sufficient earnings with which to pay the dividend declared. During the remaining two years there were earnings both within and without Wisconsin of a sufficient amount to pay the dividends. The taxpayer made its returns and paid its taxes in the proportion that the Wisconsin earnings bore to the total earnings for the year immediately preceding the payment of such dividends in accordance with ch. 71, Stats. The department made an additional assessment by making an analysis of the surplus account of the taxpayer showing that the Wisconsin earnings in the surplus account as against outside earnings are greater than the ratio of the Wisconsin earnings as against outside earnings for each of the three years in question.

Claim is made by the department that it has a right to rebut the presumption of the statute that the dividends were paid out of the previous year's earnings and that the proof offered showing the results of the analysis of the surplus account is sufficient to overcome the statutory presumption.

The questions presented are: (1) Whether the department has a right to rebut the presumption, and (2) if it has, whether it has offered evidence sufficient to rebut it.

This court held that the presumption was rebuttable by the taxpayer, *J. C. Penney Co. v. Tax Comm.* 238 Wis. 69, 298 N. W. 186, and the department contends that it being a rebuttable presumption either party has a right to offer evidence to rebut it. The department's position is that the earnings of the previous year having been added to surplus it has become commingled and that the dividend paid from the surplus account is therefore not paid from the previous year's earnings but is paid from the general surplus, thus requiring an analysis of the surplus account in order to determine the ratio of the dividend properly taxable for dividend tax purposes in Wisconsin. It contends that unless this is permitted the taxpayer will have the privilege of electing to make its return either on the basis of analyzed surplus or previous year's earnings, whichever will be of benefit to the taxpayer, and the department will be helpless in collecting taxes justly due the state.

It is conceded that in nearly every instance the earnings of a corporate taxpayer are added to surplus before dividends are paid, as a bookkeeping practice, and as a matter of bookkeeping records dividends are therefore paid out of surplus. The records of a corporate taxpayer also disclose the earnings of each year and the amount thus transferred to surplus. The Wisconsin income tax return of the taxpayer is made on the basis of earnings and income within and without Wisconsin, as provided in ch. 71, Stats. The Wisconsin earnings are commingled with the earnings outside of Wisconsin as they are earned, but still remain taxable by the state of Wisconsin.

We conclude that the presumption created by sec. 71.61 (4), Stats., is conclusive to the extent that if the previous year's earnings were sufficient to pay the dividends paid by the taxpayer during any year the bookkeeping practice of carrying the same into surplus before the dividends are paid does not overcome the presumption that they were paid from the previous year's earnings, whether presented by the taxpayer or the

department. To say that dividends are paid out of any particular earnings is not realistic, and when the legislature said that the dividends shall be presumed to be paid out of earnings of such corporation attributable to the year immediately preceding the payment of such dividend, it declared that the amount of the dividend paid should be attributed to Wisconsin income and property on this basis. In *Montgomery Ward & Co. v. Department of Taxation,* 243 Wis. 224, 10 N. W. (2d) 176, it was held that the taxpayer could not by resolution validly provide in respect of a dividend that it was to be paid from income other than Wisconsin income, and in *Minnesota M. & M. Co. v. Department of Taxation,* 243 Wis. 211, 10 N. W. (2d) 174, 11 N. W. (2d) 96, it was held that the taxpayer could not overcome the presumption by proving that Wisconsin income was reinvested in Wisconsin property. The legislature might rightly provide the method of determining the amount of dividend taxable by Wisconsin, and by enacting the presumption provided a simple method whereby a corporation can protect itself at the time of payment of dividends by withholding the tax from the taxpayer and likewise provided a simple method for the department in determining the tax due. Making an analysis of the surplus account of a large corporation is no small matter, and while it can be done by accountants of either the department or the corporation, it is considered that the legislature created this presumption for the purpose of avoiding the necessity of making this burdensome analysis and to simplify the administration of the tax. In making the foregoing statement we realize that where dividends are paid and there were no earnings during the previous year an analysis of the surplus account is necessary in order to determine what tax is due the state of Wisconsin, but the infrequency of the payment of dividends where there were no earnings during the previous year makes this a negligible item. Any statements made in the *J. C. Penney Case, supra,* or *International*

*H. Co. v. Department of Taxation,* 243 Wis. 198, 10 N. W. (2d) 169, 11 N. W. (2d) 95, inconsistent with this opinion 'are overruled.

We conclude that the department failed to offer evidence which rebuts the presumption that the dividend taxes paid by the taxpayer for the years in question were in each instance paid from the previous year's earnings and the returns were therefore made in accordance with law.

*By the Court.*—The judgment of the circuit court is affirmed.